Goodman v. Linn-Corriher Corp.

MAE GOODMAN v. LINN-CORRIHER CORPORATION, SELF-INSURED

No. 8010IC883

(Filed 1 September 1981)

1. **Master and Servant § 68— workers' compensation—byssinosis**

    Evidence was sufficient to support the finding of the Industrial Commission that plaintiff was totally disabled from the occupational disease byssinosis.

2. **Master and Servant § 93— workers' compensation—independent physical examination—denial proper**

    Denial of defendant's request to have plaintiff examined by a physician of its choice was not an abuse of discretion, since defendant received a report from the physician elected by the Industrial Commission on 2 October 1978; one week before the matter was set for hearing, some five months later, defendant moved that the hearing be continued and that plaintiff be examined by a physician of its choice; and under these circumstances, there was no abuse of discretion in the determination that the motion was not timely made.

3. **Master and Servant § 94.2— workers' compensation—statement in opinion and award surplusage**

    There was no merit to defendant's contention that the opinion and award of the Industrial Commission was contrary to the purpose of the Workers' Compensation Act because it contained the statement that the hearing commissioner's decision was "another example in which the Workers' Compensation Act is being used, not for compensating a working man or woman while they are disabled . . . but to provide a supplemental source of income to a retired person who is receiving social security and possibly other benefits," though the statement was clearly improper and should not have been included in the opinion and award, since the statement was mere surplusage and was neither essential to the award nor grounds for reversal.

4. **Master and Servant § 93— workers' compensation—deposition—cost borne by defendant**

    The Industrial Commission did not err in requiring defendant to pay for the deposition of a physician selected by the Industrial Commission, since the Commission-selected physician was paid by defendant, and the deposition was necessitated by defendant's refusal to stipulate the physician's report into evidence.

APPEAL by defendant from opinion and award of the North Carolina Industrial Commission, by Chief Deputy Commissioner Forrest H. Shuford, II (adopting the opinion and award of the Hearing Commissioner, Coy M. Vance), filed 19 December 1979. Heard in the Court of Appeals 1 April 1981.

Defendant appeals from an award of workers' compensation to plaintiff on the basis of plaintiff's incurrence of the occupational disease byssinosis.

*Hassell & Hudson, by Charles R. Hassell, Jr., for plaintiff appellee.*

*Alexander and Brown, by B. S. Brown, Jr., and Constangy, Brooks and Smith, Atlanta, Georgia, by Daniel P. Murphy, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant's first contention is that the record contains no competent evidence to support the finding that plaintiff was totally disabled from the occupational disease byssinosis. We disagree. The record contains testimony by plaintiff as to the dusty conditions of her work place over a period of years; as to her resultant respiratory difficulties; and as to her having "stopped working . . . because it was getting harder and harder breathing." It contains corroborating testimony by a fellow employee as to the dusty work conditions and plaintiff's resultant breathing problems. It contains competent testimony from the physician who examined plaintiff upon referral by the commission. He testified that plaintiff "in all probability, had byssinosis, and because she had residual airways abnormalities, chronic obstruction, that was Grade III." He further testified that in his opinion plaintiff's "chronic obstructive pulmonary disease, and byssinosis Grade III . . . could or might have been caused by . . . approximately 25 to 30 years exposure to cotton dust in her employment" and that "the probability is certainly greater than 50 percent." This, together with other evidence in the record, supports the disability finding; and it is thus conclusive on appeal. *Hollman v. City of Raleigh,* 273 N.C. 240, 159 S.E. 2d 874 (1968).

[2] Defendant's second contention is that it had an absolute right to have plaintiff examined by a physician of its choice, and that the denial of its request in this regard was an abuse of discretion. Counsel for defendant, by letter dated 1 March 1979, requested that the hearing scheduled for 8 March 1979 be continued and that defendant be permitted to have plaintiff examined by a physician of its choice. At the hearing on 8 March 1979 plaintiff opposed the motion on grounds "that it was not timely [and]

would delay the proceeding." The grant or denial of an employer's request that the employee submit to an independent physical examination is in the discretion of the commission. *Taylor v. Delivery Service*, 45 N.C. App. 682, 263 S.E. 2d 788, *disc. rev. denied* 300 N.C. 379, 267 S.E. 2d 684 (1980). Defendant here received the report from the commission-selected physician on 2 October 1978. One week before the matter was set for hearing, some five months later, defendant moved that the hearing be continued and that plaintiff be examined by a physician of its choice. Under these circumstances we find no abuse of discretion in the determination that the motion was not timely made.

Defendant's third contention is that it was denied due process and prejudiced by (1) the denial of an independent medical examination and (2) the denial of access to other medical records. As to (1), defendant failed to make its request in timely fashion. As to (2), defendant's motion for a subpoena duces tecum to produce the records of physicians who had treated plaintiff at an earlier period was denied. The record indicates this motion was filed on 15 March 1979, one week after the hearing. Defendant could have subpoenaed these physicians and their records to the hearing. It also could have moved to examine them and their records at any time during the five month period between receipt of the commission-selected physician's report and the hearing. Under these circumstances we find no abuse of discretion in denial of the motion.

[3] Defendant's fourth contention is that the opinion and award is contrary to the purpose of the workers' compensation act. The contention is based on the following statement in the opinion and award:

> The holding . . . simply points out another example in which the Workers' Compensation Act is being used, not for compensating a working man or woman while they are disabled on account of an industrial injury or disease, but to provide a supplemental source of income to a retired person who is receiving social security and possibly other benefits.

The statement apparently was intended as criticism of the hearing commissioner's decision, not as an expression of the purpose of the workers' compensation act. It was nevertheless clearly improper and should not have been included in the opinion and

award. The statment is mere surplusage, however, and is neither essential to the award nor grounds for reversal. The purpose of the act is "to provide compensation for injured [and diseased] employees or their dependents." *Hollman*, 273 N.C. at 252, 159 S.E. 2d at 882. Plaintiff has produced competent evidence from which the commission has found that she incurred a disease "due to causes and conditions which are characteristic of and peculiar to [her] particular trade, occupation or employment." G.S. 97-53(13). The improper statement does not render her any less entitled to an award resultant upon this finding.

[4] Defendant's fifth and final contention is that the commission should not have required it to pay for the deposition of the commission-selected physician. Commission Rule XX-A provides that when additional medical testimony is necessary to the disposition of a case, the hearing officer may order the deposition of medical witnesses taken; and the costs shall be borne by the defendants for those medical witnesses whom defendants paid for the initial examination of the plaintiff, and those cases where defendants are requesting the depositions. The record indicates that the commission-selected physician was paid by defendant. Further, the deposition was necessitated by defendant's refusal to stipulate the physician's report into evidence. Under these circumstances, the deposition constituted "additional medical testimony" within Rule XX-A, and it was proper to order payment by defendant.

Affirmed.

Judges MARTIN (Robert M.) and BECTON concur.